## WILLIAMS *against* Mc CALL.

Where *A* devised land to his son *B*, if he should have a lawful heir, but if he should have none, then after his decease, to be divided between his brothers and sisters; and after the decease of *A*, *B* had a child born alive, which immediately thereafter died ; it was held, that this devise created an estate tail in *B*, with remainder to his brothers and sisters; and consequently, *B*, after the birth of his child, had no power to alienate the estate, so as to defeat those in remainder.

THIS was an action of ejectment ; tried at *New-London, September* term, 1836, before *Bissell*, J.

The demanded premises were formerly the property of *Vetch Williams*, deceased. By his last will and testament, he devised as follows : " I give to my son *Andrew V. Williams* all the land I have on the *Easterly* side of the road against my house, [the demanded premises] except what I give by my will to my sons *William* and *Nathan*, if my said son *Andrew* shall have a lawful heir ; but if he should have none, then after his decease, to be divided between his brothers and sisters —his brothers to have two thirds, quantity and quality, and his sisters one third—or to their heirs." After the decease of the testator, *Andrew V. Williams* had a child born alive,

which immediately thereafter died. After this event, *Andrew V. Williams* conveyed the land in question, as an estate in fee simple; and under this conveyance, the defendant held. *Andrew V. Williams* died before the commencement of this suit. It was agreed, that if the defendant could not hold the land under this title, the plaintiff, under the limitation in the will, was entitled to recover in this action.

The judge charged the jury, that upon these facts the plaintiff was entitled to recover; and the plaintiff obtained a verdict accordingly. The defendant moved for a new trial for a misdirection.

*Child,* in support of the motion, contended, That the devise gave *Andrew V. Williams* an estate in fee, on condition that he should "have a lawful heir;" and that the condition was performed, when he had a child born alive; the word "heir" being used, not in its technical sense, but as synonymous with child. Consequently, he was capable of making the conveyance under which the defendant claims.

*Strong,* contra, contended, That *Andrew V. Williams,* by the will of his father, took an estate tail; and dying without any heirs of his body, the estate passed to those in remainder. The defendant can have no claim, except by establishing a conditional fee at the common law; but this our law does not recognize. *Welles* v. *Olcott, Kirby* 118. *Chappel* v. *Brewster, Kirby* 176. *Hamilton* & ux. v. *Hempsted,* 3 *Day* 339. 1 *Sw. Dig.* 79.

If *Andrew V. Williams,* after his alienation of the land, had had other children, and had died leaving them surviving, they would, according to the defendant's claim, have been disinherited. Or, if the first child had lived, and survived his father, the alienation would have defeated his claim under the will.

WAITE, J. The only question in this case, is, what estate was devised to *Andrew V. Williams,* by the will of his father. The lands were given to him, if he should have a lawful heir; but if he should have none, then after his decease, they were to be divided between his brothers and sisters. In construing wills, it is well established, that the intent of the testator, collected from the whole instrument, is to govern, unless incon-

*New-London,*
*July, 1837,*

Williams
*v.*
McCall.

sistent with some settled rule of law.    What then was the intent of the testator in this case ?

The fee conditional of the common law of *England,* has been long abolished in that country, and has never been recognized as part of the law of *Connecticut.    Hamilton* & ux. v. *Hempsted,* 3 *Day* 339.    The will, therefore, is not to be so construed as to create such an estate, unless it is apparent that such was the intent of the testator.    We discover nothing in the will indicating any such intent.    The testator could have had no object in devising the property to his son upon condition that he had a child.    The design manifestly was, to benefit *Andrew's* children.    If he had the power of conveying away that property immediately upon the birth of a child, that design would be defeated.

In *England,* it has been decided, in a great number of cases, that if an estate be devised to a man and his heirs, and if he die without leaving heirs, then to his brother, or any person who may be an heir, the word heirs shall be construed to mean *heirs of the body,* and the devise shall operate to convey an estate tail.    *Porter* v. *Bradley* & al. 3 *Term Rep.* 143. The same doctrine has been recognized by this court.    *Hudson* v. *Wadsworth* & al. 8 *Conn. Rep.* 348.

In this case, if *Andrew* had no heir, the lands devised to him were to go to his brothers and sisters.    The intent of the testator manifestly was, that if he died without heirs of his body, the lands should go to the testator's other children.    The construction, therefore, to be given to the will, is, that it created an estate tail in *Andrew,* with remainder to his brothers and sisters.    This construction is in conformity with established principles of law.    *Andrew,* taking only an estate tail, had no power, by any conveyance of his, to defeat the estate of those in remainder.    The defendant, under the deed of *Andrew,* could hold no greater estate than *Andrew* had power to convey.

We are, therefore, of opinion, that the decision in the superior court was right; and that no new trial ought to be granted.

WILLIAMS, Ch. J. and HUNTINGTON, J. concurred in this opinion.

BISSELL and CHURCH, Js., not being present when the case was argued, gave no opinion.

New trial not to be granted.