Comstock *v.* Comstock.

23   349
68   210

## COMSTOCK *vs.* COMSTOCK.

The defendant conveyed to the plaintiff a tract of land by warranty deed, his
title to the same having been acquired by devise under a will, which pro-
vided, that if he should not leave heirs of his body, such land at his death
should go to the heirs-at-law of the testator, and which also pledged the same
for the support of the testator's son D, during life. In an action on the
covenants contained in said deed it was held, that the defendant had only an
estate in tail in the land so devised, and also, that the same was under
incumbrance for the support of D, and therefore, that the plaintiff was
entitled to recover.

THIS was an action brought to the superior court, for the
county of New London, by Jesse Comstock against Asa
Comstock, upon the covenants of a warranty deed of a cer-
tain tract of land situated in the town of Montville.

The breach, alleged in the plaintiff's declaration, was as
follows:

"That, at the time of the date, execution and delivery of
said deed, said Asa was not the owner of said premises, as
of an estate in fee simple, but had no greater or other estate
otherwise than an estate in tail to himself, and the heirs of
his body, and had not good right to bargain and sell the
same as aforesaid, nor even the same, free of incumbrances,
but, on the contrary, under, and by virtue of the last will
and testament of Nathaniel Comstock deceased, was charged
with the support of one David Comstock, then, and still in
life, for the term of his natural life."

The cause was referred to said superior court, upon the
following agreed statement of facts, and by said court was
reserved for the advice of this court.

The title of the defendant, to the land embraced in said
deed, was derived solely from the last will and testament of
his father, Nathaniel Comstock deceased, who, at his death,
owned the same in fee.

Said will was duly established by the court of probate for
the district in which said land was situated. The parts
thereof material to the present case are the following:

" I give unto my loving wife, Mary Comstock, the use and improvement of all my real estate, during the term she shall remain my widow, but should she marry again, I then give her the improvement of one-third of said real estate during her natural life.

\*       \*       \*       \*       \*       \*       \*

" I give unto my son, Asa Comstock, after the term given my wife shall expire, all my real estate, not otherwise disposed of in this will, together with the stock and farming tools, after the decease of his mother, and should he not leave heirs of his body, then said real estate after his decease, to go to my heirs-at-law.

\*       \*       \*       \*       \*       \*       \*

" I give unto my son, David, one good feather bed, one bolster, and two pillows, two good coverlids, two thick blankets, two pair of flannel blankets, two pair of sheets, two pair of pillow-cases, with a good bedstead and cord, all to be kept in good order for his use, and he is to have the use of the bed-room in the north-east corner of my house, to lodge in, and in case of his being sick in cold weather, he is to have his bed in the east ' great room, and a comfortable fire—the wood to be supplied by my son Asa, who is to be at the expense of David's support during David's life, and the land, given to Asa, is hereby pledged for David's support; Asa to have the benefit of his labor."

The land, devised to said Asa, was valued in the inventory of the estate of the testator, at nineteen hundred dollars. The support of said David was worth one hundred and fifty dollars per annum.

On the 12th day of March, 1849, Asa Comstock, for the consideration of sixteen hundred dollars, executed the deed, upon the covenants of which said action was brought, conveying to said Jesse a part of the land devised to him by the will of said Nathan, and pledged for said David's support. The money, paid by said Jesse as the consideration of said deed, was applied by said Asa to the purchase of land

bought of Peter R. Strickland. As a part of the transaction between said Asa and Jesse, the former mortgaged said last mentioned land to said Jesse, subject to the following condition. " Whereas, said Asa Comstock has sold to the said Jesse Comstock, a certain tract of land, lying in said town of Montville, containing about twenty acres, with a house and barn thereon standing, which said land is particularly described in said Asa Comstock's deed to said Jesse, dated the 12th day of March, 1849, and recorded in Montville town records, and, whereas, said land so sold under and by virtue of the will of Nathan Comstock, is pledged for the support of David Comstock, as in said bill set forth. Now, if the said Asa Comstock shall well and truly support said David, according to said will, so that no claim or demand shall be made upon the land aforesaid, conveyed to me, and the said Asa shall save the said Jesse Comstock harmless from all claims on said land, on account of said David, then the foregoing deed shall be void and of no effect; otherwise, to be and remain in full force, power and virtue."

By selling said land to Jesse and the purchase of Strickland, the condition of Asa for the support of David, was improved.

After his purchase, Jesse Comstock, relying upon the title and covenants in said deed and mortgage, made certain improvements, and erected buildings on the premises, at an expense of about five hundred dollars.

*McCurdy* and *Chadwick*, for the plaintiff.

*Foster* and *Bolles*, for the defendant.

ELLSWORTH, J. There is no doubt that the plaintiff is entitled to recover for the breaches of covenants stated in the declaration. The defendant, when he executed the deed, was not seized of the premises, as a good, indefeasible estate in fee simple, nor were the premises free of incum-

brance, nor had the plaintiff a right to sell them in fee simple. The estate of the defendant, under his father's will, is an estate tail, and nothing more; his lineal heirs only being entitled to take under and through him, and he never having any greater than a life estate to convey.   To this point it cannot be necessary to cite authorities, for the books are full of them.    They will be found cited in 1 Jarn. on Wills, 232, and *Hudson* v. *Wadsworth,* 8 Conn. R., 358.

Nor is there any question, that this estate tail in the defendant was incumbered with a charge for the support of the defendant's unfortunate brother, David Comstock.

The defendant had, however, some right in the premises conveyed, and the damages to be recovered by the plaintiff must depend upon a further hearing in the superior court.

Many questions and legal distinctions were made, and elaborately discussed by the defendant's counsel, in the course of his argument, which we have no occasion to consider or decide, because we have no doubt whatever, upon the question above decided, and this is enough to make an end of the controversy between the parties.

We advise judgment for the plaintiff.

In this opinion the other judges concurred, except STORRS, J., who was not present when the case was argued, and therefore gave no opinion.

Judgment for plaintiff.