GEORGE F. STONE, EXECUTOR, vs. SARAH S. McECKRON
AND OTHERS.

New London Co., Oct. T., 1888.   PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, JS.

A testatrix gave estate in trust for her grandchild S, then thirteen years of
age, during her minority; to be "paid over to her as her individual
property" when she became twenty-one; at her decease to go to her
children surviving her, if any, and to representatives of deceased's chil-
dren, they to take "as S would take said property;" and if no chil-
dren, then to the children of G and their heirs.  The property was
mainly personal.  Held—
1. That by the decease of S was meant her death at any time, and not
merely before the death of the testatrix.
2. That S therefore took only a life estate.
3. That she was entitled to the possession of the property on reaching the
age of twenty-one, without taking the proceedings or giving the bond
provided for in Gen. Statutes, § 559.

[Argued November 19th, 1888—decided February 15th, 1889.]

SUIT for the construction of a will; brought to the Supe-
rior Court in New London County, and reserved, upon facts
agreed, for the advice of this court.   The case is fully stated
in the opinion.

J. Halsey, for Sarah Stone McEckron, the principal de-
fendant.

A. Brandegee, for the minor children of George F. Stone,
defendants.

BEARDSLEY, J.   This is an amicable suit brought to the
Superior Court for New London County by the plaintiff,
executor of the last will of Sarah Goodyear, deceased, to
obtain a construction of the seventh clause of the will, by
which she devises and bequeaths the residue of her estate.
The case was reserved for the advice of this court.
The entire will is as follows :—

"*Item* 1. I direct that all my just debts, including all my funeral expenses, and all expenses of administration, be paid.

"*Item* 2. I give and bequeath to the American Bible Society, the sum of one thousand dollars ($1,000).

"*Item* 3. I give and bequeath to the American Home Missionary Society the sum of one thousand dollars ($1,000).

"*Item* 4. I direct that my executors hereinafter named pay to my beloved brother, Leverett Augustus Hemingway, the sum of one thousand dollars ($1,000) during his life; said sum of one thousand dollars shall be paid to him in semi-annual equal installments, that is, five hundred dollars each six months during his life. At his decease I give and bequeath the sum of one thousand dollars to his wife, Martha Hemingway, and to her heirs, the same to be an absolute gift to her, for her individual property.

"*Item* 5. I give and bequeath to my beloved grandson, Hansen C. Stone, and his heirs, the sum of five thousand dollars ($5,000).

"*Item* 6. I give and bequeath to my beloved granddaughter, Margaretta C. Stone and her heirs, the sum of five thousand dollars ($5,000).

"*Item* 7. I give and bequeath to my beloved granddaughter, Emma Stone, and her heirs, the sum of five thousand dollars ($5,000).

"The above items, each, every and all, shall not be paid out or the estate distributed, necessary expenses excepted, until the decease of my beloved brother aforesaid, Leverett Augustus Hemingway.

"The rest, residue and remainder of my property, both real and personal, of whatsoever character, or wheresoever situated, I give, devise and bequeath to Edward Winslow and Danforth Knowlton, both of the city, county, and state of New York, in trust for the following purposes, namely, to be held by them jointly and to be invested by them jointly, for the benefit of my grandchild, Sarah Stone McEckron, during her minority, that is, until she is twenty-one years of age, that is, over eighteen years of age. Until she is twenty-one years of age, so much of the income and produce of the said

trust fund shall be paid over to said Sarah Stone McEckron as in the opinion of said trustees above named shall be necessary or meet for her liberal maintenance and comfort. The residue of said income, if any, shall be from time to time added to said principal trust fund as part of the same. At the age of twenty-one years the whole principal sum, with accrued interest or income, or both, shall be paid over to her as her individual property, but in no case or event shall it be under the control of any husband she may have, but shall ever be beyond and without his control, and in no manner whatsoever liable for any of his debts or obligations.

" At the decease of said Sarah Stone McEckron, the said principal sum shall go to her child, or children, who shall survive her, as said Sarah Stone McEckron would take said property or fund, and the issue of a deceased child, shall take by representation. In default of children, or child, or issue of child, at the decease of said Sarah Stone McEckron, the said trust fund as principal sum shall go equally to the children and their heirs; that is, of each of my son, George Frederick Stone.

" In case of the death of either of said trustees before the duties herein named are performed, I appoint my son, George Frederick Stone, successor to such deceased trustee, and with like powers, I grant to such trustees, acting jointly, full power to make contracts or give necessary deeds concerning any real estate I may leave, to re-invest any property I may leave, to sell my present investments and make others in lieu thereof, and generally to do the same with said trust 'fund as I myself could or would do if in life. It is my wish that my said granddaughter, Sarah Stone McEckron, give five thousand dollars to the widows or indigent females of the village of Stonington, in said county of New London; the terms, manner or condition of the gift being left to the views of my said granddaughter, and the wish being made in expectation that my said granddaughter be left in affluent circumstances.

" I appoint Edward Winslow and Danforth Knowlton, aforesaid, executors of this my will, with like powers as

they have had or are given in this will as trustees. In case of the death of either of my executors before the duties are performed, said George Frederick Stone is hereby appointed successor to such deceased executor. My executors shall act jointly and shall not be required to give any bonds. They shall further have power to pay debts, collect or compromise the same, and like powers in regard to claims. They shall be repaid all costs incurred in settling up my estate.

"It is distinctly understood that the fund given to my granddaughter, Sarah Stone McEckron, shall be forever free and beyond the control of her father, and in no event shall he at any time have any interest or power in or about said fund or principal sum.

"In witness whereof I have hereunder and hereto set my hand and seal this 11th day of August, in the year of our Lord eighteen hundred and seventy-seven, at said village of Stonington."

Mrs. Goodyear had had two children ; the mother of Sarah, who died before the date of the will, leaving Sarah her only child, and the plaintiff. At the date of the will Sarah was thirteen years old. Mrs. Goodyear died in 1883. Sarah became twenty-one years old on the 5th of May, 1885. She has not been married. Edward Winslow and Danforth Knowlton, named as executors and trustees in the will, declined to accept either trust, and the plaintiff is sole executor and trustee, and has duly qualified as such executor and trustee to the acceptance of the court of probate. He has paid the debts, legacies and expenses of the settlement of the estate, and there remains in his hands residuary estate, consisting of real estate of the value of about $15,000, and personal estate of the value of about $160,000. The disposition of this property made by the seventh clause of the will, will hereafter be referred to simply as a bequest.

The plaintiff asks for a decree settling the construction of the will, and directing him in what manner he shall carry it into execution.

Miss McEckron and the children of George Frederick

Stone appear and make their respective claims.  Miss Mc-Eckron that she is entitled to the property in fee, and the children that she takes an estate for life only, with ultimate remainder to them if she dies leaving neither children nor representatives of children.

The rule of construction which has been adopted in this state is as claimed by counsel for Miss McEckron, that a devise or bequest in fee, followed by a provision that if the devisee or legatee shall die leaving issue the estate is to go to such issue, or if leaving no issue the estate is to go to others, means dying without issue in the lifetime of the testator, unless a contrary intention appears from the other provisions of the will.  *Phelps* v. *Robbins*, 40 Conn., 250; *White* v. *White*, 52 id., 518; *Coe* v. *James*, 54 id., 511; *Phelps* v. *Phelps*, 55 id., 359.

The only question therefore is, whether a fee or life estate in the residue is given to Sarah by the will; in other words whether it was the intention of the testatrix that the contingent bequest to the issue of Sarah and the children of Mrs. Stone, should take effect only in case Sarah died in the lifetime of the testatrix.  It is needless to say that this question is not to be determined by any artificial rule of construction, but solely by the language of the will, in connection with the relative situation of the parties.

It does not appear how old Mrs. Goodyear was in 1877 when the will was made, but she must have been considerably advanced in years, as her grandchild was then thirteen years old.  The will seems to have been made in expectation that her death would occur before Sarah was twenty-one years old, as no provision in terms is made for any other contingency.

The residuum is given to trustees " to be paid over to 'her at the age of twenty-one years."   But she is providing for the event of Sarah being a grandmother, the provision being " at the decease of said Sarah Stone McEckron the said principal sum shall go to her child or children who shall survive her * * * and the issue of a deceased child shall take by representation."

It is hardly credible that the testatrix made this provision to operate only in the event that she survived Sarah. Such a construction should not be given to it unless it is demanded by the other provisions of the will.

Several cases, which are cited in another connection, have been decided by this court, which involved a question similar to the one in this case. In each of those cases the provision in the will in question was substantially the same, namely, that if the first named legatee should die without issue his share should go to others, and the court held that the first named legatee took a fee, and that the provision for others, in the event of his death without issue, referred only to his death in the lifetime of the testator.

This construction was not adopted in those cases because of the language of the bequest, but, on the contrary, the court limited the ordinary and proper sense of the language used, because without such limitation it did not harmonize with the intention of the testator as gathered from the other provisions of the will.

In this case the language is materially different from that of the bequests in the cases referred to, in this, that the provision in this will is that the property is to go to the contingent legatees *at the decease of Sarah*. The property could not go to them *at her decease* if she died in the lifetime of the testatrix. It would hardly admit of a doubt that the testatrix intended to give a life-estate only to Sarah, were it not for the phrase " as said Sarah Stone McEckron would take said property or fund," which qualifies the contingent bequest to her surviving child or children. The phrase is crude and ambiguous. Counsel for Miss McEckron claim that it is consistent only with the intention to give her the fee of the property. A majority of the court do not think that such is its necessary construction. It is conjectural whether the language in question was used to denote the quantity of estate the children of Sarah were to take in the event provided for. The probable intention was to give them a fee. If the testatrix desired to express this intention more clearly than she did by the unlimited

bequest of the property to them, it is hardly probable that she would have done so by reference to the quantity of estate which she had given to Sarah, if we assume that she understood that she had given her the fee.

It is much more probable that she would in that case have used the apt words to create a fee, the meaning of which, as appears from other parts of the will, was understood by the draftsman.

We think that the more rational construction of the words " as Sarah would take said property or fund," in view of the other provisions of the will, is that the minor children of Sarah should take the property, in the contingency provided for, in the same manner as Sarah would take it if she, instead of they, was then taking it under the bequest to her; in other words, that the intention was to apply to the bequest to such children the same conditions as to the holding of the property by trustees, and the appropriation which they should make of the income, and the delivery of the principal to them when of full age, as are contained in the bequest to Sarah.

Some other considerations are urged by counsel for Miss McEckron in support of her claim. It is said that if the intention had been to give a life estate only to her, the trust would naturally have been continued until her decease. From her age it was probable that she would outlive both of the named trustees, and it is not unreasonable to suppose that the testatrix preferred that she, rather than a stranger appointed by the court of probate, should have the care of the property. It is claimed that it is not probable that the testatrix would have expected that Sarah would pay the $5,000 referred to in the will to the widows and indigent females of Stonington, if she was to have only the income of the property. We are at a loss to see why not.

The terms, manner and condition of the gift are left to her. Considering the probable amount of her income, it would not be strange if the testatrix supposed that she might without great inconvenience pay the sum by instalments or otherwise as she preferred.

Our conclusion is that Miss McEckron takes only a life estate in the property in question. In this view of the case another important question arises. Is she entitled under the will to have that part of the residuum which is personal estate delivered into her possession, unless she gives a bond for the security of those in remainder. We think that it is the duty of the plaintiff to deliver it to her without any such bond being given. At common law the life tenant by bequest of personal property had the unconditional right to the possession and control of it. The only qualification of this rule was that a court of equity would order him to give security for its preservation, if it appeared, upon the complaint of the remaindermen, that there was danger that he would waste, secrete or remove the property out of the state.

In 1865 the common law was changed by a statute which, without any change material to the present question, is still in force, as follows: "When a life estate in any personal estate shall be given by will to one, and the remainder to another, and there shall be no trustee named for such estate during the continuance of the life estate therein, the court of probate having cognizance of such will may order the executor to deliver the said personal estate to the person having the life estate, upon his giving a probate bond; * * * and in case such person shall fail to give bond as aforesaid, said court shall appoint a trustee for such estate during the continuance of such life estate." Gen. Statutes, § 559. This statute has no application in this case if it is opposed to or inconsistent with the direction given by the testatrix, as it was her right to dispose of her property in such manner and upon such terms as she chose.

She bequeathed the residuum to the plaintiff as trustee, in trust to deliver it to Miss McEckron when she reached twenty-one years of age. He has accepted the trust, and his plain duty is to execute it as directed by the will. By the unqualified language of the testatrix Miss McEckron is unconditionally entitled to take possession of the property and hold it, subject to her liability at common law to be required to give bonds, if a court of equity shall find cause.

We advise the Superior Court that Sarah Stone McEkron takes only a life estate in the property in question, and that it is the duty of the trustee to deliver it to her unconditionally.

In this opinion the other judges concurred, except LOOMIS, J., who dissented.