EZRA M. HORTON, ADMINISTRATOR, *vs.* GEORGE H. UP-HAM ET AL.

First Judicial District, Hartford, May Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A testator gave the residue of his property, real and personal, to *A*, his grandson, "provided that at *A*'s death the proceeds of the same shall be paid to" an ecclesiastical society. "Always provided that the said *A* leave no issue." In a suit to determine the construction of the will, it was *held :* —

1. That *A* took an estate tail by implication in the real and personal property, and the ecclesiastical society a contingent remainder in the realty, dependent upon *A*'s decease without leaving surviving issue, and an interest by way of executory devise in the personalty.

2. That the direction as to the payment of "the proceeds" upon *A's* death, was a mere inartificial expression and did not require the conversion of the property into money.

3. That insurance money collected for the loss of buildings burned since the testator's decease, went with and was to be treated as, real estate.

4. That *A* was entitled to the possession and management of the residuary estate without giving the bond required of a life tenant under General Statutes, § 559 ; but that a court of equity might at any time, upon proper application, order security to be given if there was danger of the secretion of the personal estate or of its removal from this State.

The determination of how much shall be allowed to the several parties in a suit for the construction of a will, under General Statutes, § 1124, is a judicial act incident to the final adjudication of the cause, and cannot be delegated to the clerk or left to the agreement of the parties. Such allowances, if not included in the judgment as an integral and specific part of it, cannot thereafter be made, although the judgment file recites "that reasonable allowance for costs be made."

A suit for the construction of a will involving but a small amount is not to be favored, but whether it should be entertained or not, is a

matter to be decided by the Superior Court in the exercise of a sound judicial discretion.

Argued May 3d—decided June 1st, 1899.

SUIT to determine the construction of the will of Jonathan C. Upham, late of Union, deceased, brought to the Superior Court in Tolland County and tried to the court, *Ralph Wheeler, J.,* upon the facts stated in the complaint and answers. The court rendered judgment sustaining in the main the claims of the Congregational Ecclesiastical Society of Union, and Arthur H. Upham, another legatee and devisee, appealed for alleged errors in the rulings of the court. *No error.*

The will, after some small pecuniary bequests, contained this residuary provision : —

"I give and demise unto my grandson, Arthur H. Upham, the house and land situate in the Town of Union with all the out buildings situated thereon, together with all the rest of my goods and chattels and personal estates whatsoever. Provided that at the death of said Arthur H. Upham the proceeds of the same shall be paid to the Congregational Ecclesiastical Society of Union. Always provided that the said Arthur H. Upham leave no issue."

The residuary estate consisted of $128 in money, and the real estate in Union, worth $1,250. The buildings on the land were destroyed by fire after the testator's decease. They were insured, and the administrator collected the amount of the policy.

At the date of the will (in 1896) Arthur H. Upham was about nine years old.

*Elliot B. Sumner* and *Huber Clark,* for the appellant (Arthur H. Upham).

*Joel H. Reed,* for the appellee (Congregational Ecclesiastical Society).

BALDWIN, J. The residuary clause created an estate tail by implication in the testator's grandson, both as to the real

and personal estate, and gave the Congregational Society a contingent remainder in the real estate, dependent upon the decease of the first taker without leaving surviving issue, and an interest by way of executory devise in the personal estate. *Hudson* v. *Wadsworth*, 8 Conn. 348, 362; *St. John* v. *Dann*, 66 id. 401, 409, 410.

The provision that "at the death of said Arthur H. Upham the proceeds of the same shall be paid to the" society, did not require the conversion of the property into money. The will was inartificially drawn, but its meaning is plain. Whatever Arthur takes, and all reinvestments thereof, should he die leaving surviving issue, will become their absolute estate. General Statutes, § 2952. Should he die leaving no issue, it will become the absolute estate of the society. The insurance money which has been collected goes as the land goes, and is to be treated as real estate. The limitation over "at" Arthur's death treats that event as certain to occur, and the subsequent proviso contemplates no other contingency than that in respect to his leaving surviving issue. Had the testator wished the society to take only in case Arthur should die before him and without issue, some such words as "in case of" his death, "if he should die," or "should he die," would naturally have been used. *Lawlor* v. *Holohan*, 70 Conn. 87; *Chesebro* v. *Palmer*, 68 id. 207, 213. The society was to take, if at all, immediately upon Arthur's decease. It could not have thus taken "at the death of Arthur H. Upham," if he had died before the testator, for the will would not then have taken effect. *Stone* v. *McEckron*, 57 Conn. 194, 199.

It follows that the Superior Court was correct in its construction of the will, and also in adjudging that the plaintiff should turn over the residuary estate, including the insurance money, to the guardian of Arthur H. Upham to hold and manage during the latter's minority, and that on his majority he "will be entitled to the possession and management of the whole of said estate during his life, without giving a bond under § 559 of the General Statutes; but a court of equity may at any time while the estate is in the hands of the guardian or of Upham, upon proper application, order

security to be given for the preservation of the estate, if there is danger of the secreting of or removal of the personal estate, including the insurance money, from the State."

One of the claims for relief in the complaint was "that the sums to be allowed out of said estate to the several parties hereto, for their expenses and counsel fees, may be fixed by the court." The statute regulating suits of this nature provides that there shall be allowed to each party such reasonable sums for expenses and counsel fees, as the "court, in its discretion, shall deem proper; which allowance shall be taxed as costs in the cause." General Statutes, § 1124. The judgment file in the cause, which was signed by the clerk, concludes thus: "and it is further ordered that reasonable allowance for costs be made."

The determination of the proper allowances to be made under the statute is a judicial act, incident to the final adjudication of the cause. It cannot, like the taxation of ordinary costs, the items and amounts of which are definitely fixed by statute, be delegated to the clerk, or left to the agreement of the parties.

The judgment appears to have been entered as the final judgment in the cause, and as such only could be made the subject of this appeal. It therefore cannot be hereafter extended, or enlarged, and the order that a reasonable allowance for costs be made is incapable of execution, and must be treated as surplusage. No such allowance can ever be made except as an integral and specific part of the judgment of the court, and in such case the judgment file must be signed by the judge.

We deem it proper to add that the statute authorizing such allowances was enacted soon after the publication of our opinion in *Crosby* v. *Mason*, 32 Conn. 482, 484, and presumably in view of the position there taken that suits of this nature "ought not to be favored excepting where great interests are involved and a decision in the ordinary course of litigation would be attended with great inconvenience, delay and expense." The amount of the estate, the title to which this application is brought to ascertain, is less than $1,400, and

there was no question as to the right of Arthur H. Upham to at least its beneficial use during his life.   That as to its ulterior disposition might have been rendered equally clear by future events ; while the matter of exacting a probate bond as a condition of delivery to the guardian could have been more expeditiously and economically settled in the Court of Probate. *Miles* v. *Strong,* 62 Conn. 95, 103.   Whether to entertain the application or not was, however, a matter to be decided by the Superior Court in the exercise of a sound judicial discretion.   No reason of appeal is assigned on account of its action in this respect, and it is to be presumed that facts and considerations were presented to it, not stated upon the record, which were sufficient to justify its course in proceeding to give the relief claimed.

There is no error.

In this opinion the other judges concurred.