[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before the court is whether the court should grant the defendant's motion for payment of interest pursuant to General Statutes, Sec. 37-3a.
It is found that the court should deny the defendant's CT Page 6099 motion for payment of interest.
On May 6, 1992, arbitrators awarded the defendant, Mark Marsala, $500,000.00, and the Superior Court confirmed that award on January 25, 1993. The plaintiff, Hartford Fire Insurance Company, appealed the confirmation on February 11, 1993, which appeal is currently pending. On February 23, 1993, the defendant filed a motion for payment of interest pursuant to General Statutes, Sec. 37-3a, seeking interest from the date of the arbitration award to the date of payment.
General Statutes, Sec. 37-3a provides, in relevant part, that "interest at the rate of ten percent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. (Emphasis added.)
 Whether interest should be allowed as an element of damages `is primarily an equitable determination and a matter within the discretion of the trial court.' (Internal quotation marks omitted.) Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 701-702, 590 A.2d 957 (1991). The court's determination should be made `in view of the demands of justice rather than through the application of any arbitrary rule.' (Internal quotation marks omitted.) Id. Whether interest may be awarded depends on whether the money involved is `payable'; General Statutes, Sec. 37-3a; see White Oak Corporation v. Department of Transportation, 217 Conn. 281, 302, 585 A.2d 1199
(1991); and `whether the detention of the money is or is not wrongful under the circumstances.' (Internal quotation marks omitted.) Middlesex Mutual Assurance Co. v. Walsh, supra.
Stephan v. Pennsylvania General Ins. Co., 224 Conn. 758, 765
(1993). "[P]rejudgment interest on an arbitration award is permissible." Middlesex Mutual Assurance Co. v. Walsh,218 Conn. 681, 701, 590 A.2d 957 (1991).
[A] trial court has discretion, under General CT Page 6100 Statutes, Sec. 37-3a, to award prejudgment interest on an arbitration award retroactively to some date prior to the date of the trial court's judgment affirming the award. [citation omitted.] Implicit in that determination is the conclusion that the prior date may be the date of the arbitration award.
Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646,675-76. However, "the question under that statute is whether the money was wrongfully withheld, and that the ultimate determination `is one to be made in view of the demands of justice rather than through the application of any arbitrary rule.'" (Citations omitted.) Id., 676. In Hartford Accident and Indemnity Company v. Dell'Oro, 7 CSCR 242, 243
(January 13, 1992, Hodgson, J.), the court stated that "[w]hether the sum was wrongfully retained or not depends on whether the outcome of the application to vacate the award was reasonably clear or whether there was a good faith disagreement as to a close question of law." As a result, it is clear that the court has the discretion to award interest from the date of the arbitration award.
However, it should be noted that the trial court's confirmation of the arbitrators' award was appealed by the plaintiff and is currently pending.
 It is fundamental to the judicial process that a party's right to judicial review shall not be obliterated or undermined by the unauthorized exercise of jurisdiction by the court whose doings are, or may be, subject to review . . . . A party accorded the right of appellate review is entitled to the full and unhampered exercise of that right in accordance with the applicable rules of practice or statutes.
Hartford National Bank Trust Co. v. Tucker, 181 Conn. 296,298 (1980). Therefore, it is found that the court should not exercise its discretion, and apply the standards set forth above because the trial court's confirmation of the award was appealed prior to the filing of the defendant's motion.
It should also be noted that the court should not retain jurisdiction for the sole purpose of determining whether CT Page 6101 statutory interest should be awarded. In Hartford National Bank Trust Co. v. VonZiegesar, 154 Conn. 352, 362,225 A.2d 811 (1966), the trial court, in its judgment, attempted to retain partial jurisdiction over the case to later determine expenses and counsel fees, as allowed by General Statutes, Sec. 52-251. The Connecticut Supreme Court, in response to this, stated that "[t]he equities recognized by General Statutes, Sec. 52-251 should not be defeated by the erroneous attempt of the trial court to retain jurisdiction over the cause," and held that "[t]he judgment rendered was a final one, and no further action in the cause, of a judicial nature . . . can be had in the Superior Court." Id.; see also Horton v. Upham, 72 Conn. 29, 32, 43 A. 492 (1899) (where the court stated that "[t]he judgment appears to have been entered as the final judgment in the cause, and as such only could be made the subject of this appeal. It therefore cannot be hereafter extended, or enlarged, and the order that a reasonable allowance for costs be made is incapable of execution, and must be treated as surplusage"). In the present case, the court confirmed the arbitrators' award on January 25, 1993. "The judgment or decree confirming, modifying or correcting an award shall be docketed as if it were rendered in a civil action. The judgment or decree so entered shall have the same force and effect in all respects as, and be subject to all the provisions of law relating to, a judgment or decree in a civil action in the court in which it is entered." General Statutes, Sec. 52-421. As a result, it is noted that the judgment confirming the arbitrators' award is a final judgment; therefore, the court cannot retain jurisdiction to later grant a motion to award statutory interest. Even if the court could exercise jurisdiction, it is found that the court should not exercise its discretion and award statutory interest pursuant to General Statutes, Sec. 37-3a because the defendant has failed to show that the money was wrongfully withheld.
Motion is denied.
McGrath, J.