UNION PLANTERS BANK, N.A. *v.* ELSIE BUTLER

Superior Court, Judicial District of Hartford
File No. CV-04-4002796S

Memorandum filed February 1, 2006

*Witherspoon Law Firm*, for the plaintiff.

*Brown, Paindiris & Scott, LLP*, for the defendant.

HON. ROBERT SATTER, JUDGE TRIAL REFEREE. Mortgagee Union Planters Bank, N.A., the plaintiff, moves for summary judgment in the present foreclosure action. The present case sets forth the novel question, not yet ruled on by our superior or appellate courts, of whether a mortgagee may collect the proceeds of an insurance policy insuring the mortgaged property when it is damaged by fire, fail to complete the foreclosure on the property, and then bring an action against the mortgagor on the mortgage note for the difference between the amount due on that note and the amount realized from the policy.

The facts are as follows. On July 3, 2000, mortgagor Elsie Butler, the defendant, executed a promissory note in the original amount of $93,750 secured by a mortgage on real property located at 158 Vine Street in Hartford. On August 1, 2002, the defendant defaulted in her monthly payments, and the plaintiff exercised its option to accelerate the balance due and owing. On May 13, 2004, the premises were destroyed by fire, and the plaintiff received insurance proceeds in the amount of $93,590. It applied that amount to the balance owed on the note. A deficiency balance of $26,610.89 plus interest was left, which the plaintiff now seeks to collect from the defendant in the present action on the mortgage note.

The mortgage note makes no reference to fire insurance. The mortgage deed provides that the mortgagor shall keep the premises secured against loss by fire; in the event of a fire "the insurance proceeds shall be applied to restoration or repair of the property damaged, if the restoration or repair is economically feasible and the lender's security is not lessened. If the restoration or repair is not economically feasible or the lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by the security instruments whether or not then due, with any excess paid to the borrower."

The affidavit in support of the plaintiff's motion for summary judgment does not indicate whether restoration or repair of the property was economically feasible or would lessen the plaintiff's security interest in the property. This leaves a material question of fact on which the right of the plaintiff to retain the insurance proceeds depends.

More significantly, the present case turns on the nature of the fire insurance proceeds. The answer is found in the early case of *Horton* v. *Upham*, 72 Conn. 29, 43 A. 492 (1899). *Horton* was an action to determine the construction of a will. The testator there had devised to his grandson certain real property, with the proviso that if he died without issue, the property would go to a church. Buildings on the land were destroyed by fire after the testator's demise. Our Supreme Court held that the insurance proceeds should go to the grandson during his lifetime and that the proceeds should pass upon his death, as the buildings would have had they not been destroyed, to the church if he had no issue. In so holding, the court stated: "The insurance money which has been collected goes as the land goes, and is to be treated as real estate." Id., 31.[1]

---

[1] In *Yale-New Haven Hospital, Inc.* v. *Jacobs*, 64 Conn. App. 15, 24, 779 A.2d 222, cert. denied, 258 Conn. 916, 782 A.2d 1254 (2001), the Appellate Court held that fire insurance proceeds were not administrative expenses

Under this reasoning, by the plaintiff here retaining the fire insurance proceeds, it has, in effect, realized on the real property. Even though, pursuant to the mortgage deed, it can apply the insurance proceeds toward the underlying debt, it must still fully realize on the property before it can sue the mortgagor for any unpaid balance. Our law does not permit the foreclosure of a part of the real estate securing a mortgage. For example, if a piece of real property consists of two parcels, the plaintiff cannot foreclose on one parcel and then sue the mortgagor on the note for the difference between the amount due on the note and the amount realized from the partial foreclosure. Rather, the plaintiff has to foreclose on all of the property subject to the mortgage.

In the present case, there is no evidence of the extent of the fire damage to the property. Even if the fire completely destroyed the structure on the property, there was still value to the land, and no evidence was presented as to that value.

The plaintiff here cannot, in effect, foreclose piecemeal. The retention of the fire insurance policy proceeds, recognized by *Horton* as the equivalent of real estate, amounts to a realization on the property and functionally a partial foreclosure. The plaintiff must complete the foreclosure on all of the property subject to the mortgage before it can recover for the balance owed on the note. Here, of course, the plaintiff is suing directly on the note, without proceeding to complete its foreclosure of the entire property.

Viewed another way, by retaining the proceeds of the fire insurance policy, the plaintiff has elected to

and, therefore, were available to be paid to creditors. It made that determination on the grounds that the contemplated repairs were not necessary to conserve the value of the real estate and that the will did not contain a specific devise of the property. It did not disturb the ruling of the *Horton* court that the fire insurance proceeds could be "treated as real estate."

realize on the property and so has chosen to take action equivalent to a foreclosure. By making such an election, the plaintiff is barred from suing on the note by General Statutes § 49-1. Its proper recourse is first to obtain a judgment of foreclosure against the land and, second, to proceed then against the mortgagor by way of a deficiency judgment, pursuant to General Statutes § 49-14.

Thus, this court concludes that because material issues of fact exist here, and because, as a matter of law, the plaintiff is neither entitled to retain the fire insurance proceeds, nor to complete the foreclosure on all the property subject to the mortgage and attempt to recover in its action on the mortgage note, that its motion for summary judgment is, therefore, denied.