THOMAS B. HEWITT ET AL., EXECUTORS, vs. THE
WHEELER SCHOOL AND LIBRARY ET ALS.

Second Judicial District, Norwich, April Term, 1909.
BALDWIN, C. J., HALL, THAYER, RORABACK and GAGER, Js.

A corporation chartered to establish and maintain a school in a small country town for the education of young persons "residing" therein, "in studies more advanced than are usually taught in the district schools, including the preparation of scholars for college or university courses," was empowered to take by bequest or devise real and personal property "necessary or convenient for the purposes of the corporation." A testator deeply interested in its welfare and for whom the school was named, left it by will property worth $273,000. In a suit to determine the validity of this bequest it was held:—

Hewitt *v.* Wheeler School & Library.

1. That the fact that the school had given instruction in subjects usually taught in the district schools would not render it incompetent to take the gift, either in whole or in part, although it should aim at instruction of a more advanced character.
2. That the university courses for which the school might offer preparation might well be of such a nature as to require teachers of wide learning and experience, which would demand a considerable yearly income and a correspondingly large endowment.
3. That the fact that the school, as theretofore maintained, had received pupils who did not reside in that town, did not deprive it of the testator's bounty.
4. That the number of those to whom education could be given was not limited to domiciled inhabitants of the town, but extended to those who might take up a temporary abode or residence in the town for the mere purpose of receiving instruction at the school.

The capacity of a corporation to take a gift left it by will is not affected by past faults of administration, in the absence of proceedings by the State, founded on a usurpation of ungranted franchises.

The term "residence" does not necessarily import domicil.

An ecclesiastical society has power, under General Statutes, §§ 3939, 4456 and 4459, to take a bequest the income of which is to be devoted in part to keeping up the lot and cemetery in which the testator is buried, and the balance to maintaining the church edifice.

Whether it is open to an heir at law, or only to the State, to challenge the capacity of a corporation to take property bequeathed to it in excess of the amount limited by its charter, *quære.*

Having rendered final judgment in a suit to construe a will, the Superior Court is powerless to retain the cause in order to take further judicial action by way of determining what allowances, if any, shall be made to the respective parties for counsel fees and expenses in case of an appeal to this court.

Argued April 27th—decided May 25th, 1909.

ACTION by executors for a judicial construction of the will of Henry D. Wheeler, deceased, brought to the Superior Court in New London County and heard before *Ralph Wheeler, J.;* judgment was rendered giving it a certain construction, from which certain of the defendants appealed. *No error.*

*Frank L. McGuire* and *Herbert W. Rathbun,* for appellants (defendants First and Second Baptist Churches).

*Carl Foster*, for the appellant (defendant Louise N. Bixby).

*Michael Kenealy* and *William J. Brennan*, for the appellees (plaintiffs).

*Gardiner Greene* and *Amos A. Browning*, for the appellee (defendant the Wheeler School and Library).

BALDWIN, C. J. In 1899 the Wheeler School and Library was incorporated by resolution of the General Assembly, and located in North Stonington.

Among its corporate powers were "to establish and maintain in said town of North Stonington a school for the education of young persons residing in said town of North Stonington in studies or courses more advanced than are usually taught in the district schools, including preparing scholars for college or university courses, and also to found and maintain in said town of North Stonington a circulating and consulting library for the use of all inhabitants of said town under such rules and regulations as to dues and otherwise as the board of directors may establish; . . . to acquire by purchase, gift, bequest, or devise, and to hold, sell, and convey any real estate and personal estate not exceeding in value altogether one hundred and fifty thousand dollars, and also to receive by gift, bequest, or devise any property, real or personal, under such lawful conditions and restrictions as to its use as may be imposed by the donor." 13 Special Laws, p. 198, §§ 2, 4.

In 1901 Henry D. Wheeler of North Stonington executed a will, bequeathing and devising to the corporation a large amount of property, and then providing that "in case the said Wheeler School and Library for any reason should not be qualified and capable at the time of my death of taking and holding the property herein devised and bequeathed to it or not qualified and capable of taking and holding all of it,

then and in either such case I give, devise and bequeath to my said executors upon trust any and all of such property which said Wheeler School and Library may not at the time of my death be qualified and capable of taking and holding to hold and manage the same and to receive the income thereof until by act of the Legislature or General Assembly of Connecticut or other proceedings said Wheeler School and Library shall be qualified and made capable of taking and holding all the property herein given to it, and in such case I direct my executors to apply for such Legislative Act or take such proceedings as soon as practicable after my death and that said Wheeler School and Library be qualified and made capable of taking and holding all of said property herein devised and given to it during the lifetime of my said executors or of the survivor of them, that is if for any reason it should not be so qualified and capable at the time of my death and that immediately upon said Wheeler School and Library being thus qualified and capable of taking and holding all of said property, that my said executors shall thereupon immediately transfer and deliver to it all of said property given to my executors in trust by this paragraph of my Will to become thereupon the absolute property of said Wheeler School and Library and meanwhile in such case that is between the time of my death and the time when said Wheeler School and Library shall become qualified and capable of taking and holding all of said property herein devised and given to it which must be during the lifetime of my said executors or of the survivor of them, the income from any and all property held in Trust by said Executors under this paragraph of my Will shall be paid over as received," to certain charitable purposes.

The will also contained a devise and bequest to the ecclesiastical society connected with the Congregational church in North Stonington, of which the testator was a member, of certain land there, including a lot where the bodies of his parents and others of his family had been in-

terred, "to be used only as a cemetery," and of $6,000 "to hold, invest and manage the same and to apply two-thirds of the net income thereof to keeping in order and beautifying said plot or lot in said Cemetery where my relatives aforesaid are buried and also to establishing and keeping in order walks and drives in and walls and fences around said Cemetery and to apply the other one-third of the net income to repairing and keeping in order the edifice of the said Congregational Church." By a codicil a trust fund of $20,000 was created, the income during the lives of four persons named, and the survivor of them, to be applied for the use of this church, with remainder to the ecclesiastical society above described, for the use of the church.

In 1903, by an amendment of the charter of the Wheeler School and Library, the words "not exceeding in value altogether one hundred and fifty thousand dollars," used in connection with the description of its corporate powers, were struck out and the words "necessary or convenient for the purposes of the corporation" substituted. 14 Special Laws, p. 23.

In 1906 Mr. Wheeler died, and his will was duly admitted to probate. The Wheeler School and Library then owned no property. That bequeathed and devised to it by him amounted at his death to about $273,000 in value. Part of this consisted of a school and library building worth $50,000 which had been erected by the testator and in which he had maintained a school for some years, tuition being free and a small charge being made for incidental expenses.

An answer and claim was filed by the heir at law, alleging that North Stonington is a small farming town covering about six square miles, with a steadily declining population, now numbering but 1,240; that the Wheeler School and Library has conducted a school therein for nine years, with an average attendance of less than thirty pupils, some of them not residents of the town; that many subjects have been taught which were also taught in district public

schools; that the school and library building was large and architecturally beautiful; that there had been a small library maintained in it since 1900, but it had been scarcely ever used by residents of the town; that a fair annual salary for two teachers and a librarian would not exceed $1,200 for each; that it would not be necessary or convenient for the Wheeler School and Library to own funds exceeding $100,000 in amount, in addition to the building; and that such a fund would produce $4,500 annually.

It was also averred that the ecclesiastical society connected with the Congregational church was incapable of receiving the bequest of $6,000, for want of any charter authorizing it to act as a trustee.

These allegations were met by a demurrer, which was sustained.

The Superior Court was right in adjudging that the Wheeler School and Library was entitled to take the entire property bequeathed and devised to it, and that the provisions in favor of the ecclesiastical society were also valid.

When the will was made in 1901, the testator was obviously of opinion that there was room for question whether the charter of the Wheeler School and Library did not limit the amount of property which it might hold to $150,000. The amendment to the charter in 1903 was evidently made for the purpose of removing any such limitation.

The school is for the education of young persons in studies or courses more advanced than those usually taught in the district school, including any which may be suitable to prepare scholars for college or for courses in a university. Instruction in the higher branches of learning is thus fully within the scope of the corporate purposes of the Wheeler School and Library. It may give instruction in subjects usually taught in the district schools, but should aim to make it of a character more advanced. There is no restriction as to the nature of the university courses for which it may offer preparation. Obviously they may be such as to

require the services of teachers of very high qualifications in learning and experience.

That the school, as heretofore maintained, has received pupils not residing in North Stonington is no reason why the corporation cannot receive the testator's bounty. If there has been any fault of administration, it would not affect its capacity to take, in the absence of any proceedings by the State, founded on a usurpation of ungranted franchises.

The number of those to whom education can be given is not limited to domiciled inhabitants of the town. It may include any young person residing there, either temporarily or permanently. "Residence" does not necessarily import domicil. *Easterly* v. *Goodwin*, 35 Conn. 279, 286. One who takes up a temporary abode in the town, for the mere purpose of receiving instruction at this school, and with the intention of leaving the place as soon as such instruction is completed, is none the less residing there, so long as he remains.

There is nothing to prevent the establishment at North Stonington of a seat of advanced instruction to which any young persons, coming to reside there while receiving it, may be admitted; and it would be difficult to assign a limit to the amount of income from endowment which it might be necessary or convenient to expend for such purposes.

The view which we have taken renders it unnecessary to inquire whether, were the objections of the heir at law well founded, it was open to her (or only to the State) to take advantage of them.

The ecclesiastical society had full power to accept the bequest of $6,000 for the purposes stated by the testator. General Statutes, §§ 3939, 4456, 4459.

The judgment-file in the Superior Court concludes as follows: "It is further ordered and adjudged that, in case an appeal to the Supreme Court of Errors shall be taken from this judgment, and any or all of the parties to this action

shall incur any lawful and proper expenses and counsel fees in the trial of said appeal, this court retains jurisdiction of the case for the sole purpose, and only to the extent, of adjudging what allowances, if any, shall be made to the parties, or any of them, for expenses and counsel fees so incurred."

This clause must be regarded as mere surplusage. The judgment rendered was a final one, and no further action in the cause, of a judicial nature (which that apparently contemplated would clearly be) can be had in the Superior Court. *Horton* v. *Upham*, 72 Conn. 29, 32, 43 Atl. 492.

There is no error.

In this opinion the other judges concurred