WILLIAM H. HACKETT *vs.* THE CITY OF NEW HAVEN
ET ALS.

Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

If a paragraph in a finding is a conclusion, whether so designated or not, it can only be attacked on the ground that it is legally and logically inconsistent with the subordinate facts, and not by a motion to correct.

The present action was brought to restrain the defendant H from acting as a member of the board of finance of the city of New Haven on the ground that he was not, as required by the charter of all officers appointed by the mayor, "a resident elector of the city." Prior to 1919, H resided with his family in New Haven, where he was engaged as the publisher of a newspaper, but in that year, his wife purchased for speculation a house in East Haven which, owing to the excessive price demanded by her, she has never been able to sell and which has ever since been the dwelling-place of the entire family. H has continued to vote as an elector of New Haven, has described himself as a resident of that city in his various tax returns, and has maintained two furnished rooms connected with his newspaper office in which he and his family have occasionally slept for purposes of convenience. The trial court concluded that he was not a "resident elector" of New Haven and granted the relief sought. *Held:*

1. That the trial court properly ruled that the word "resident" qualified the term "elector" and added something thereto and that it did not have the merely redundant meaning, claimed by the defendants, of domicil or of such residence as would entitle one to become an elector in New Haven.
2. That the fact that H might well be held to have retained his domicil in New Haven was not inconsistent with the trial court's conclusion.
3. That since the determination of whether H was a "resident elec-

tor" did not involve an inquiry into his qualifications as an elector, the trial court, in passing upon the question, had not violated the jurisdictional principle, that the Superior Court has no power to confer or take away the electoral privilege,—a power which is exclusively lodged by the Constitution in selectmen and town clerks.

4. That the provision of § 4 of Article 6 of the Constitution, that "every elector shall be eligible to any office in this State, except in cases provided for in this constitution," relates only to officers of the State government.

5. That one may be a resident of a certain town, i.e., an actual stated dweller as distinguished from a transient dweller—even though he has taken his abode there for a purpose more or less temporary in character, such as the plan in the present case to sell the East Haven house for profit.

6. That the trial court's conclusion was supported by the subordinate facts, and was in accord with the apparent legislative intent that the officers of the city should be actually resident therein and in a position at all times to perform their duties with promptness and regularity.

7. That the various steps which H had taken to preserve his connection with New Haven were all explainable in the light of his evident desire to retain his domiciliary or voting residence in that city.

Argued June 9th—decided July 30th, 1925.

SUIT for an injunction to restrain the defendant Hendrick from acting as a member of the board of finance of New Haven, and for other relief, brought to the Superior Court in New Haven County and tried to the court, *Brown, J.;* judgment rendered for plaintiff, and appeal by defendants. *No error.*

In his complaint plaintiff alleges that he is a resident inhabitant and taxpayer of the city of New Haven, owning real and personal property therein; that the treasurer of the city pays all its expenditures; that the city maintains a board of finance, the duty of which is to examine and approve for payment all claims and accounts against the city; that each member of this board is appointed by the mayor in accordance with its charter; that every officer of the city

appointed by the mayor must be a resident elector of the city; that the defendant Hendrick is not such resident elector of the city, nor has he been since October 1st, 1919; that prior to January 1st, 1924, Hendrick was appointed by the mayor of the city a member of its board of finance for the period of two years beginning February 1st, 1924, and since the last date has exercised and claimed the right to exercise the duties of his appointment; that at the time of his appointment he was not a resident elector of the city and was not legally appointed; that he has been paid by the city $10 for every meeting attended by him; that at the time of his appointment Hendrick was a resident of East Haven, Connecticut; that well knowing his ineligibility to the office as a member of the board, he continues to act as such member and receive compensation from the city; that plaintiff had requested the mayor to remove Hendrick from office, but that the mayor and the city refuse to remove him, and intend to continue him therein and pay him for his services. The answer admits that plaintiff is a resident taxpayer; that Fresenius is city treasurer; the appointment of Hendrick; his exercise of office as such member of the board of finance; his receipt of salary therefor. The answer puts in issue the allegations of the complaint that Hendrick is not a resident elector of the city; that he was not legally appointed and that he is a resident of East Haven; that knowing his ineligibility to office he continues to serve and receive pay therefor, and the request for his removal and the refusal of the mayor to remove him. The answer avers that certain other allegations of the complaint plead matters of law, and that therefore are not answered, and concludes with an affirmative allegation that Hendrick during the time covered by the allegations of the complaint has been a resident elector of the city and

has exercised his franchise as an elector at all of the various elections held in the city, including those held in November and December of 1924.

The trial court finds as true all of the admitted allegations of the complaint, and proceeds to find that on the date of his appointment by the mayor of the city of New Haven, William A. Hendrick was and ever since has continuously been a resident of the town of East Haven, Connecticut; that he was, prior to the date of his appointment, and ever since has been residing in the town of East Haven, with his wife and one minor daughter; that in March, 1924, he made a return for himself and his wife jointly, of their income for taxation purposes to the United States government, and in his return claimed the exemption allowed to a married man living with his wife, and answered affirmatively the question therein propounded, viz: "Were you married and living with husband or wife on the last day of your taxable period?"; that he also claimed in his return the exemption allowed by the law for the support of his minor daughter as being a person living in his household; that there is no high school in the town of East Haven, and until the date of her graduation, the daughter of Hendrick attended the high school in the city of New Haven, and the town of East Haven paid the city of New Haven for her tuition in accordance with Chapter 377 of the Public Acts of 1921; that the defendant approved in writing the application made for the purpose to the board of education of the town of East Haven, which application is made a part of the finding; that Hendrick lived with his wife and child in the city of New Haven for several years prior to 1919, when he removed his household furniture to the place wherein they all now reside and have their home in East Haven; that his name is

contained in the telephone directory as having a telephone at number 34 High Street, East Haven, Connecticut; that his name is contained in the directories published of the city of New Haven, for the past two years as follows: "Hendrick, William A. treas and publisher N H Times-Leader 61 Orange res inq do."

It is further found that since his appointment Hendrick has been performing the duties of his office and is chairman of the board and he has received from the defendant Fresenius, as treasurer of the city, the compensation given by the city for his services during this period, the exact amount of which is not material; that he intends to continue to perform such duties and receive compensation therefor, claiming the right lawfully to do so, and the defendant Fresenius, as treasurer of the city, intends to pay to him the compensation therefor so long as he renders such service; that Hendrick's name is on the voting list of the city of New Haven as an elector of the city, and for fifteen years he has voted at all meetings of the electors of the city, including the meetings held in November and December, 1924.

The trial court also found that shortly before January 1st, 1919, Hendrick's wife purchased a house in East Haven, as a speculation, intending to resell it as soon thereafter as she could do so at a satisfactory profit, to which end some effort has been made through brokers. This is the house to which Hendrick and his family moved in 1919 from New Haven, where for several years prior thereto he had resided with his family in a house on Townsend Avenue, but by reason of the excessively high price at which only she has offered it for sale she has not sold the property, and of this situation the defendant Hendrick was fully advised by the real-estate broker; that Hendrick has always paid his personal tax in New Haven, has always

returned his personal property for taxation in New Haven, and has always described himself as of New Haven; Hendrick's Federal income tax returns have given his residence as in New Haven, and the annual statements required by the Federal government from the Times-Leader Company described Hendrick as publisher and as of New Haven; that about three fourths of Hendrick's total wealth is situated in New Haven; that for a long time prior to January 1st, 1919, Hendrick maintained two rooms in the building in which his business is located, equipped with a bed and other furniture; that he slept in and occupied these quarters occasionally when it was more convenient to do so than to go to his home, and such has been true also since the removal of the family to East Haven; that his wife and daughter have also spent the night there; that since the purchase of the house in East Haven by his wife, Hendrick has always been registered as a voter at 61 Orange Street, New Haven, the place above referred to; that ten years ago, Mayor Frank J. Rice, of New Haven, appointed Hendrick a member of the board of finance, and he has been reappointed to successive terms, the last appointment having been made to take effect February 1, 1924.

"25. That he might continue to hold said office, the defendant Hendrick since January 1, 1919, has desired and intended to retain a colorable residence in New Haven, that his name might remain upon the list of electors thereof, although during said period he has intended to and has in fact made his home and has resided with his family in East Haven.

"26. This action was tried before return day of the writ, and by stipulation of the parties thereto made in open court with the approval of the court. This was done in place of trying another action between the same parties involving the same issues as to the de-

fendant Hendrick's right to act under a previous appointment as a member of the board of finance of the city of New Haven, the term of such appointment having expired some months prior to the date of trial, which action had been reached for trial at the time when this action was brought.

"27. The defendant, Hendrick, at the time of his appointment February 1, 1924, was not a resident elector of the city of New Haven, nor has he since been such."

The court reached the following conclusions: "(1) that the defendant Hendrick, is not eligible to hold the office of a member of the board of finance of the city of New Haven; (2) that he should be enjoined from so doing; (3) that the defendants, Fresenius and the city of New Haven, should be enjoined from paying to him the compensation of said office."

Judgment was rendered in accordance with the conclusions of the finding.

Defendants moved to correct the finding as follows:

1. By striking out paragraph 25 thereof.

2. By striking out paragraph 27 thereof.

3. By adding to the finding the following numbered paragraphs of defendants' draft-finding:

"6. Neither at the time of the purchase of the property, nor at the time when said occupancy began, did Mr. Hendrick intend to abandon New Haven as his residence, nor to make East Haven his permanent residence.

"7. It has always been Mr. Hendrick's intention that whatever residence he had in East Haven should be temporary only, pending the sale of the property."

These corrections were denied by the court, and their denial is assigned as error in the reasons of appeal. Additional reasons of appeal relate to the find-

ing as it stands and will be set forth in connection with the consideration of them in the opinion.

*Harrison Hewitt* and *Charles A. Watrous*, with whom, on the brief, were *Frank S. Bergin, Thomas R. Robinson* and *William F. Alcorn*, for the appellants (defendants).

*Walter J. Walsh*, for the appellee (plaintiff).

KEELER, J.  We will first consider the alleged error relating to correcting the finding of the trial court.  It is, in effect, that instead of the finding of the court in paragraphs twenty-five and twenty-seven, there should be substituted paragraphs six and seven of defendants' draft-finding.  The effect of such a substitution is that from various subordinate facts appearing in the finding, conclusions diametrically opposed to those arrived at should be made.  This is a question of law and properly attacked only as a legal conclusion which it is whether or not specifically designated as such, and to attack it no recourse can be had to the evidence.  *Hayward* v. *Plant,* 98 Conn. 383, 119 Atl. 341; *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 129 Atl. 527.  There is no allegation in the motion that paragraphs twenty-five and twenty-seven were found without evidence, or that the paragraphs which it is desired to substitute therefor are admitted and undisputed facts.  The most cursory examination of the testimony appearing in the appeal record demonstrates this.

The alleged errors of law assigned with reference to the finding of the trial court, are treated in corresponding points made in defendants' brief, and we will consider the same as developed in the brief.

The first heading of the brief sets forth generally the

questions involved in the appeal. The second point is that "the words 'resident elector' so used in Section 146 of the charter of the city of New Haven mean an elector of the State of Connecticut so resident in the town and city of New Haven as to be entitled to vote there in town or city meetings." Sustaining this claim defendants assert that the term residence is not always equivalent to domicil, but that, in statutes relating to taxation and voting, means domicil unless the contrary is indicated in the statute. This may be taken as true, and we at the outset observe that the trial court has nowhere found that Hendrick was not domiciled in the city of New Haven, or that he was not an elector therein, nor that any of his acts as to actual residence had amounted to an election to change his domicil acquired prior to 1919, nor is such a finding necessary to uphold the conclusion reached by the court. From the facts found it may undoubtedly be found that he was domiciled in New Haven, was an elector of the city, and had therein, as he legally might, a technical or voting residence, which he had acquired some years prior to the removal of his household to East Haven, that he had a right to vote for any candidate for office to be voted for as respects any elective office. The office in question is an appointive office, and the charter, § 146, provides that "every officer of said city chosen by the electors or appointed by the mayor or by the board of aldermen shall be a resident elector of the city." The task before us is to determine the legal effect of the word "resident" when used as an adjective qualifying or limiting the word "elector." Under the claim which we are at present considering the defendants call attention to the provisions relating to the election of mayor of the city and the appointment of its corporation counsel. Section 10 of the charter provides that to qualify a

Hackett *v.* New Haven.

person for the office of mayor he must have been "a legal voter [elector] and resident in the city for the five years immediately preceding his election," and § 15 provides that a person qualified to be corporation counsel must have been "a resident of said city . . . for not less than five years immediately preceding his appointment," and so on with reference to certain other officers. The point is then pressed that in none of the instances referred to can it be claimed that a temporary residence though "actual," "*bona fide*," and "in part" should be sufficient. This is undoubtedly a correct claim, but it does not imply the converse, that in case one whose residence was actual in fact and *bona fide* elsewhere could by reason of his being an elector be eligible to occupy these offices. Defendants also contend that residence in the sections above referred to means domicil, because otherwise a person domiciled in New Haven who temporarily ceased to have an abiding place in the city might be barred from the offices therein dealt with until five years after his return to the city. This by no means follows, unless we are to hold that qualifications of the mayor and corporation counsel are determined solely by the word "resident" and ignore the further provisions of law requiring in each case the holder of the office to be an elector. In any event, Hendrick had not gone away from the city and then returned there and set up his abode in fact, actual and *bona fide*.

We finally reach defendants' claim that the word elector means an elector of the State when standing by itself, and that recognizing this, various provisions in the Constitution and statutes of the State in many places add qualifying words such as "resident" or "residence" to impose some further qualification. That is exactly the claim of the plaintiff; that since the provisions which make it illegal for an actual resident of

Stonington, although an elector of and keeping a voting residence in New Haven, to occupy the office of mayor, and an actual resident of Salisbury, likewise qualified as regards New Haven, to hold the office of corporation counsel, a similar provision precludes the plaintiff from holding office on the board of finance of the city; otherwise he might have held the office while he and his household were actually maintaining a home and abode without the State. All three of the above provisions are not merely enabling and declaratory, they are alike restrictive and impose a limitation. It is also to be kept in mind, that while a person is made an elector, it is as an elector of some town of which he remains an elector, until he has qualified as an elector in some other town in proper legal form. There is no such qualification known to our law, as that of an elector "at large."

Passing for the moment the third point stated in defendants' brief, as involving, together with the point just considered, their fundamental contentions, we find the fourth point, that "the court found Hendrick was domiciled in the city of New Haven in 1919, and has not found that he has since changed his domicil." This is true, and as we have before said in this opinion, it is not necessary that a change of domicil should be found in order to support the judgment.

Point five of the brief is that "Section 5 of Article VI of the Constitution of the State of Connecticut grants to the selectmen and town clerks exclusive jurisdiction to decide upon the qualification of electors, and, hence, the Superior Court has no jurisdiction of this case." Defendants admit that if the word "resident" annexed to the word "elector" adds a requirement of residence in New Haven, other than the residence needed to qualify the elector to vote in city and town elections, then the court is not without jurisdic-

tion; but they insist that if the phrase "resident elector" means "elector" so resident in New Haven as to entitle him to vote there, the court has no jurisdiction to pass upon the question whether or not the person involved has such qualification; that since the law is settled, as far as questions of voting are concerned, that the Superior Court is without jurisdiction (citing *Freeman* v. *Selectmen of New Haven,* 34 Conn. 406, and *Perry* v. *Reynolds,* 53 Conn. 527, 3 Atl. 555) and since that court can neither confer upon one the electoral privilege, nor deprive him thereof, it follows that the court can neither confer upon him, or deprive him of, any other privilege incident to the fact of his being an elector. The force of this argument, however, depends upon whether merely being an elector confers any given privilege, and, as defendants concede, the point to be determined is whether the meaning of the words "resident elector" have the significance claimed by defendants rather than that found by the court, which we are finally to consider.

The sixth point in the brief is that "Section 4 of Article VI of the Constitution of the State of Connecticut forbids the General Assembly to annex any qualification for office other than that a person to be elected or appointed shall be an elector." The section of the Constitution to which reference is here made, reads: "Every elector shall be eligible to any office in this State, except in cases provided for in this Constitution." The defendants say, therefore, since the municipalities of the State are governmental agencies created by it to carry on certain functions of local interest, it would seem to follow that offices in such municipalities are "offices in the State." We think that the phrase "offices *in* the State" as above quoted was properly construed by the trial judge to relate only to offices *of* the State government. There

are exceptions in the Constitution relating to quali-
fications of officers, as for those of governor as to his
age, as to senators requiring residence in the districts
which they represent, as to representatives who must
reside in the town which they represent. To an un-
usual degree the municipalities in the State had from
the earliest times exercised powers of self-government
through the instrumentality of numerous elected offi-
cials, performing duties of the most trivial and un-
important nature, and to hold that the General As-
sembly was by the Constitution prevented from in any
way limiting the eligibility and terms of tenure of
such officers is not reasonable nor in accordance with
the law as generally received. We rather prefer to
hold that the extent of the constitutional provision is
interpreted by the way in which the document itself
treats it in making exceptions; the exceptions all relate
to State officers, in fact to constitutional officers, and
may be fairly said to illustrate and define the extent
of the primary provision.

We now pass to the third point in defendants' brief,
wherein error is claimed in that "the court held that
the word 'reside' had such meaning that a mere tem-
porary abode elsewhere, to serve a temporary pur-
pose, notwithstanding an intention of leaving that
abode as soon as the purpose had been accomplished,
made impossible such a residence in New Haven
as would conform to the requirements of Section
146."

The definition accepted by the trial court of the
word residence derived from the case of *Chaplin* v.
*Bloomfield*, 92 Conn. 395, 396, 103 Atl. 118, is the
condition of "one who is an actual, stated dweller as
distinguished from a transient dweller, even though he
have a technical domicil elsewhere. . . . The statute
intends an actual, stated residence, not one resting in

presumption." To the same effect is *Kelsey* v. *Green,* 69 Conn. 291, 301, 37 Atl. 679; in the case last cited this is said to be the general sense of the word as used in our various statutes rather than in the strict technical sense of domicil. In *Hewitt* v. *Wheeler School & Library,* 82 Conn. 188, 194, 72 Atl. 935, we held that one who took up a temporary abode in a town in order to receive instruction in a school, and with the intention of leaving the place as soon as such instruction was completed, was a resident. It appears in the instant case that the Hendrick family came to occupy the house at East Haven because Mrs. Hendrick had bought the same on speculation, and the family were occupying it until it could be sold for a favorable price, but, as the court finds, "by reason of the excessively high price only at which she has offered it for sale she has not sold the property." This does not indicate a residence extremely transient in its nature, but a genuine temporary residence, likely, unless Mrs. Hendrick lowers her price for the property, to continue indefinitely.

If we analyze and compare the various sections of the charter of New Haven, relating to the topic under consideration, we find in the first place a general provision that all elected and appointed officers shall be resident electors, also that certain sections from time to time added to the document contain, quite unnecessarily, the same provision, but still the fact that the later additions do repeat this phrase would indicate that it stated a condition of eligibility to office regarded by the people of the city as valuable, and to be safeguarded. If this is a valid inference, and we think it is, decidedly some quite definite meaning and value must be given to the word resident used adjectively, and it is not, as claimed by defendants, used merely to keep out candidates for office whose domicil

Hackett *v*. New Haven.

as well as residence is not within the city. This collocation of words got into the charter because those citizens of New Haven who promoted its passage wanted it there, wanted it because it meant something to them; the General Assembly passed this provision evidently with the idea that it was efficacious for some purpose not to be subserved by the use of the single word "elector," and that the adjective was not merely surplusage, redundant and inefficacious. The phrase went into the law, it seems to us, to accomplish a very definite purpose, that is, to provide that in an office like that of the member of the finance board, the actual residence of the officer shall be in the city, where he may be in readiness for attention to the duties of the office with regularity and promptness, that is, in the language of the market place "on the job." It is true that Hendrick lives in East Haven, quite near the city, but if the law is what defendants claim it is, he might act though actually resident in East Granby or East Lyme. The claim that this law was intended to accomplish the definite purpose above alluded to, is not weakened by the fact that the General Assembly at its last session, in amending this provision, struck out the word "resident" with a purpose of bringing about a different result, an unnecessary proceeding if the word meant nothing in particular as it has stood in the charter heretofore.

The somewhat numerous acts of the defendant Hendrick in carefully attaching all indicia of residence to his admitted domicil in New Haven, can all be as well explained by a solicitude to preserve his domiciliary, technical, voting residence in New Haven, as by regarding these acts as evidencing an actual, *bona fide* residence, and home, where he and his family dwelt and where the usual conditions of household life obtained. We think that the trial court rightly

concluded that Hendrick was not a resident elector.

There is no error.

In this opinion the other judges concurred.