BERTRAND E. SPENCER, STATE'S ATTORNEY, EX REL. EDISON W. DEUSE ET ALS. *vs.* LYDIA A. FARGO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 7th—decided March 15th, 1932.

*L. Horatio Biglow,* with whom was *Rollin U. Tyler,* for the appellant (respondent).

*Bertrand E. Spencer,* State's Attorney, for the appellees (relators).

BANKS, J. At the annual town meeting in Chester, held in October, 1930, the respondent was elected a member of the town school committee. She was then a resident of the town but not an elector therein. The sole question upon this appeal is whether she was ineligible to hold such office because of the fact that she was not an elector of the town. Section 973 of the General Statutes provides that "the town school committee of each town managing schools under the provisions of this chapter shall consist of three, six, nine or twelve residents of such town." When the public schools of the State were under the control of school districts in the various towns, the statute provided that the members of the school committee should be residents of the district. Public Acts of 1856, Chap. 41. Since the transfer of such control from the school districts to the town, at first optional and since 1909 compulsory (Public Acts of 1909, Chap. 146), the statutory qualification for membership in such committee has been residence in the town. At one time members of the school committee were required to be "male" residents of the town. General Statutes, Revision of 1875, p. 139, § 2, In 1887 this was changed by a statute providing that no person should be disqualified from holding office as a member of any board of education, board of school visitors, school committee, or district committee, by reason of sex. Public Acts of 1887, Chap. 136. Members of a school committee are town officers. *Keegan* v. *Thompson,* 103 Conn. 418, 422, 130 Atl. 707. It is conceded by counsel for the relators that there is no constitutional or express statutory requirement that they or any town officers must be electors. The provisions of Article Sixth, § 4, ot the Constitution, to the effect that, except as therein provided, every elector shall be eligible to any ornce in the State relates only to officers of the State

government (*Hackett* v. *New Haven,* 103 Conn. 157, 130 Atl. 121), and in any event would not be authority for the converse rule, that every officeholder must be an elector. It is contended that from the general practice claimed to exist throughout the State of electing as town officers only those who are both residents of and electors in the town, there has grown up a usage to that effect, establishing such eligibility requirement as the unwritten law of the State. Such usage, to have obtained the force of law, must have been established as a general custom by uniform practice from time immemorial. If thus established it was a part of the common law of the State. *Walls* v. *Bailey,* 49 N. Y. 464, 471. And yet the relators concede in their brief that at common law any person could be elected to a town office. Whatever may have been the general practice with regard to the election as town officers of only those who were electors in the town, it has not been uniform, and there has been statutory authority for the election of such officers who were not electors. It was not until 1893 that women were given the right to vote in this State for school officers. Public Acts of 1893, Chap. 266, § 1. The statute of 1887, cited above, which provided that no person should be disqualified from holding a school office by reason of sex, authorized the election to such town offices of women who could not then be electors of the town. This Act was repealed in 1920 (Public Acts of 1920 [Special Session], Chap. 4), and the legislation of 1893, giving women the right to vote for school offices, was repealed in 1921 (Public Acts of 1921, Chap. 305), in connection with the legislation then enacted extending the general suffrage to women in accordance with the Nineteenth Amendment to the Constitution of the United States. During the period between 1887 and 1893, the right of women, who then

lacked the right of suffrage, to hold school offices was thus recognized, and the public records disclose that such offices were held by them in various towns of the State.

There is a legislative provision which, it is claimed, warrants an inference of the existence of a usage limiting the holding of town offices to those who are themselves electors. Section 586 of the General Statutes provides that a list of the nominations made at any caucus shall be delivered to the town clerk, "who shall verify and correct the names of candidates appearing in such list in accordance with the voting list of such town," and then transmit the same, having been verified and corrected, to the secretary of state. The requirement in the statute that the town clerk check the names upon the list of candidates against the voting list of the town was first enacted in 1911 (Public Acts of 1911, Chap. 263, § 3) for the apparent purpose of avoiding mistakes in the names of the candidates transmitted to the secretary of state to be placed upon the official ballots prepared by him. It obviously is not applicable to all candidates for town offices. It does not cover the preparation of the ballot labels, containing the names of candidates, which are placed upon voting machines in towns where such machines are used. Nor can the requirement be met where names are written in upon a ballot. The statute is not one dealing with the qualifications of town officials, and we do not understand the relators to claim that it could be construed as requiring that town officials must be electors. The most they claim from it is that, in its enactment, the legislature assumes such to be the rule, and thus fortifies their contention that by current usage it has become the unwritten law of the State. If, as we have seen, that assumption was unfounded, a legislative Act which does not pur-

port to determine the qualifications for town officials will not be held to have that effect.

Section 973 of the General Statutes does state that members of the town school committee shall be residents of the town. If it had been the intention of the legislature to require the further qualification that they should be resident electors, it would doubtless have added that qualification, which frequently appears in city and borough charters. The argument that persons lacking qualifications of suffrage should not, as a matter of public policy, be eligible to offices depending upon that suffrage, is one that should be addressed to the legislature rather than the court.

There is error, the judgment is set aside, and the cause remanded to the Superior Court with direction to enter judgment in favor of the respondent.

In this opinion the other judges concurred.