## Northeastern Gas Transmission Co. *v.* Tersana Acres, Inc.

Superior Court      Fairfield County      File No. 86029

Memorandum filed December 6, 1957.

*David E. FitzGerald,* of New Haven, for the plaintiff.

*Brennan, Daly & Seymour,* of Bridgeport, for the defendant.

Troland, J. On January 21, 1952, the plaintiff brought its petition to this court to obtain by condemnation proceedings an easement over certain lands of the defendant for a gas transmission line, under § 2620d of the 1955 Cumulative Supplement to the General Statutes. Prior to the commencement of

said action the plaintiff had made an offer to the defendant of $600 for said easement. Thereafter, on April 18, 1952, the court appointed a committee to assess damages and make its report. Prior to the hearing by the committee the plaintiff increased its offer to the defendant for such easement to $1500. After lengthy hearings and delays, the committee filed its report on October 24, 1955, assessing damages and reporting its doings to the court. Thereafter, on July 26, 1956, this court (*Roberts, J.*) accepted the report of the committee, as amended, fixing the damages assessed to the defendant at $31,060, with interest thereon from April 7, 1952, which date was the date of entry by the plaintiff onto the premises condemned.

The order of the court accepting the report, in the language of the statute, had "the effect of a judgment in favor of the owner of the property against said corporation for the amount of the assessment made by such committee." § 2620d. The plaintiff appealed from this judgment to the Supreme Court of Errors, which court on July 26, 1957, entered its judgment upholding the committee and the Superior Court in fixing the damages for the taking of defendant's land at $31,060. *Northeastern Gas Transmission Co.* v. *Tersana Acres, Inc.*, 144 Conn. 509, 515. The amount of the damages awarded to the property owner exceeded the amount offered by the plaintiff corporation for such easement prior to the preferring of the petition herein by $30,460.

In its memorandum of decision on motion for acceptance of committee report, and judgment, filed July 26, 1956, the court (*Roberts, J.*), after accepting the report, said: "Such other costs and expenses as the defendant may be entitled to under the statute may be fixed by the court after further hearing." On June 3, 1957, the defendant filed in court its mo-

tion for an award of attorney and appraisal fees. The appeal from the acceptance of the committee report was argued in the Supreme Court of Errors on June 6, 1957. On June 25, 1957, the parties entered into a stipulation, filed in this court on June 27, 1957, as follows: "The motion for allowance of attorney and appraisal fees go off the short calendar without prejudice to the defendant's right to have said motion heard and decided after the Supreme Court of Errors renders its decision on the plaintiff's appeal. That in the event the Supreme Court of Errors sustains a judgment in the defendant's favor in an amount exceeding the amount offered by the plaintiff to the defendant prior to the preferring of the petition in this matter, this court shall have a continuing jurisdiction to thereafter pass upon the defendant's motion for the allowance of attorney and appraisal fees and incorporate such allowance in the final judgment."

The pending motion was assigned for a hearing on September 19, 1957. At the outset of the hearing the plaintiff challenged the jurisdiction of the court to hear and determine the motion for allowance of attorney and appraisal fees, on the ground that notwithstanding the statement by the court in its memorandum of decision on acceptance of the committee report and notwithstanding the stipulation between the parties that the matter could be determined after the Supreme Court of Errors had passed on the appeal, this court was without jurisdiction to make such allowances after the entry of final judgment in the cause. This claim appears to have support in a number of Connecticut cases. In *Horton* v. *Upham,* 72 Conn. 29, 32, the Supreme Court of Errors held, with respect to an allowance of counsel fees and expenses, as authorized to be allowed by the Superior Court in a will construction case under provisions of the statute: "The determination of the proper al-

lowances to be made under the statute is a judicial act, incident to the final adjudication of the cause. . . . . No such allowance can ever be made except as an integral and specific part of the judgment of the court, and in such case the judgment file must be signed by the judge." The above case is cited with approval in *Hewitt* v. *Wheeler School & Library,* 82 Conn. 188, 195.

The equities in this matter in favor of the defendant and the impact of a new public policy as established by the legislature in the act authorizing the construction of natural gas pipe lines (Cum. Sup. 1955, c. 264a) impel the court to carefully consider this challenge to its jurisdiction. The court has determined that it has jurisdiction to entertain and pass on the pending motion. Support for this position is found not only in the act itself but elsewhere.

In a case involving the condemnation of an easement for electric transmission lines, our court has held: "The judicial proceedings instituted to condemn the plaintiff's property did not end with the appointment of the committee to assess the damages and the filing of its report with the clerk of the court. Ordinarily, the judgment appointing appraisers closes the judicial part of the proceedings, what remains to be done being of an administrative character, as the appraisers discharge only a quasi-judicial function. . . . But in certain classes of cases a final judgment may be followed by a further judgment." *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 237.

In the case of *Hoenig* v. *Lubetkin,* 137 Conn. 516, it appears that on July 15, 1949, a judgment was entered construing a will. A-280 Rec. & Briefs, back of p. 117. On September 14, 1949, an appeal from this judgment was taken to the Supreme Court of

Errors. Id., 119 et seq. Thereafter, on October 14, 1949, October 20, 1949, and October 31, 1949, various counsel engaged in the trial of the case filed motions for allowances of counsel fees and expenses. On November 8, 1949, all counsel entered into a stipulation that the judgment be *"amended or supplemented"* by providing for appropriate allowances for counsel fees and expenses. On December 23, 1949, a supplemental judgment was entered by the court (*Alcorn, J.*), fixing the allowances for counsel fees and expenses. On January 4, 1950, a separate appeal was taken by the plaintiffs from this supplemental judgment. No one seems to have challenged the jurisdiction of the court. It is interesting to note, however, that the Supreme Court said (p. 524): "The plaintiffs have appealed from a supplemental judgment rendered by the court allowing, as counsel fees . . . [followed after some discussion by:] There is no error on either appeal."

The act itself, however, clearly establishes the defendant's right and the jurisdiction and power of the court to implement it. The primary purpose of the committee appointed by the court in this condemnation procedure is to view the property, hear the evidence, ascertain the value, assess just damages to the owner or owners of the property, and report its doings to the court. The act then provides: "If the report be accepted, such acceptance shall have the effect of a judgment in favor of the owner of the property against such corporation for the amount of the assessment made by such committee and, except as otherwise provided by law, execution may issue therefor." Cum. Sup. 1955, § 2620d.

We now come to the new matter, the establishment of a new public policy by the legislature, and the creation of a new right in a property owner, which only arises after the acceptance of the committee report by the court. The act states: "If the amount of

the damages awarded to any such property owner shall exceed the amount offered to such property owner . . . for such land, rights of way, easements or interest in land prior to the preferring of such petition to such court or judge, such court or judge shall award to such property owner such attorney and appraisal fees as the court may determine to be reasonable." Ibid. The statute further provides: "Said court or such judge shall make any order necessary to protect the rights of all the parties interested." Ibid. The language used by the legislature in creating this new right and providing, establishing and authorizing a procedure for its enforcement is perfectly clear and consistent with the other provisions of the act.

For the reasons stated above, the court concludes it has jurisdiction to enter an order awarding reasonable attorney and appraisal fees.

This court has had long hearings on the motion. It has been required to examine the pleadings, the briefs and the record of hearings before the committee, which lasted forty-four days, and the record and briefs on the appeal to the Supreme Court of Errors.

With reference to the appraisal fees, the court has eliminated from consideration the bills submitted to the defendant from the Grasso Construction Company, for the services of Adolph S. Grasso, a road constructor, as an expert witness, and from Fuller and Company, Inc., for services rendered, including the testimony of W. A. Griscom, an engineer, as matters not contemplated or included in the term "appraisal fees" under the statute. The four witnesses for the defendant who testified as real estate experts have rendered large bills for services performed by them for their employer, which include charges for many hours of research and study and "field work" to prepare them to testify, as well as

charges for many days during which for strategic or tactical or consultative purposes they attended court at the request of their employer without being called to testify. Much of such service may have been of great value to the defendant, but it cannot be held that all such services were a part of the appraisal of the property. See opinion of *House, J.,* in *Northeastern Gas Transmission Co.* v. *Fieneman,* Superior Court, Hartford County, No. 91089, (February 8, 1955).

The court awards to the defendant as reasonable attorney fees, $15,500, and as reasonable appraisal fees, $2600.