[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Lyndon and Roberta Wilmot, appeal a decision CT Page 14536 of the defendant, Planning and Zoning Commission of the Town of Coventry (Commission), denying plaintiffs' application to subdivide their land located on Woodbridge Road in the Town of Coventry into five building lots. The commission acted pursuant to General Statutes § 8-26 and the Subdivision Regulations of the Town of Coventry. The plaintiffs appeal pursuant to General Statutes § 8-8.
Factual History
On February 3, 1994, the plaintiffs filed a subdivision application (Application #94-104) with the Commission to subdivide their property located in the RU-40 zone at Woodbridge Road in the Town of Coventry, Connecticut into five building lots. (Return of Record [ROR], Items 21-24).
The Commission held a public hearing on April 11, 1994. (ROR, Item 17). Commission members Shelton Stewart, Darby Pollansky, and Al Quintiliano participated in the discussions and subsequent vote. (ROR, Items 18, 23 and 30).
On April 25, 1994, the Commission denied the plaintiffs' application for approval of a subdivision because the proposed subdivision lacked the required road frontage.[1] (ROR, Items 21-24). The Commission reconfirmed that decision on May 9, 1994. (ROR, Items 27-29).
The plaintiffs have challenged the Commissions' decision, arguing that the Commission acted illegally, arbitrarily, and in abuse of its discretion by: (1) concluding that the plaintiffs' proposed lots did not have frontage; (2) deciding that it could not impose a condition on the plaintiffs that Woodbridge Road be relocated; (3) accepting information from the Town Planner after the hearings had closed; and (4) allowing an individual to participate in the hearings and render a vote despite that individual not being legally qualified to be a member of the Commission because she was not a resident of the Town of Coventry.
Aggrievement
Aggrievement is a jurisdictional matter and a prerequisite for maintaining an appeal. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953
(1991). The question of aggrievement is essentially one of standing. CT Page 14537DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369,373, 573 A.2d 1222 (1991). Unless the plaintiff alleges and proves aggrievement, the court must dismiss the appeal. Id. "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specifically and injuriously affected as to property or other legal rights." Smith v. Planning andZoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987).
The plaintiffs allege that they are the owners of the property which is the subject of this appeal. (ROR, Item 1).
Lyndon Wilmot testified before this Court that he and Roberta Wilmot are the owners of the property. Accordingly, the Court finds the plaintiffs are aggrieved and have standing to bring this appeal.
STANDARD OF REVIEW
A trial court may grant relief in an appeal from a decision of an administrative authority only where the authority has acted unreasonably, illegally, arbitrarily or has abused its discretion. Smith v. Zoning Board of Appeals, 227 Conn. 71, 80,629 A.2d 1089 (1993). The court, however, "may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers." (Internal quotations omitted.) Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73, 538 A.2d 1039 (1988). The Court simply determines whether the record reasonably supports the conclusions reached by the agency. DeBeradinis v.Zoning Commission, 228 Conn. 187, 198, 635 A.2d 1220 (1994).
"The burden of proof is on the plaintiff to demonstrate that the board acted improperly." Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991).
In reviewing a subdivision application, the Commission acts in an administrative capacity and not as a legislative, judicial, or quasi-judicial agency. Reed v. Planning Zoning Commission,208 Conn. 431, 433, 544 A.2d 1213 (1988). The Commission, therefore, "has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance." Id. "If [the subdivision plan] does not conform as CT Page 14538 required, the plan my be disapproved." Forest Construction Co. v.Planning Zoning Commission, 155 Conn. 669, 675, 236 A.2d 917
(1967).
Issues
 I Did the Planning and Zoning Commission err in concluding thatthe plaintiffs' proposed lots did not have the road frontagerequired by the zoning regulations?
The plaintiffs contend that when the State of Connecticut relocates Woodbridge Road, the plaintiffs' land will have the required frontage to support the proposed subdivision. They assert that, because the State has assumed the obligation of relocating or building the road, the Commission erred by denying the subdivision application because the proposed subdivision lacked frontage.
The Court finds that the Commission did not act unreasonably, illegally, arbitrarily, or in; abuse of its discretion by denying the plaintiffs' subdivision application because the parcel lacked the proper frontage.
Sections 3.3 and 10.2 of the Coventry Zoning Regulations provide in pertinent part: "Each lot shall meet the minimum lot frontage on at least one street. . . ." Section 10.5 of the Coventry Zoning Regulations requires lots in the RU-40 zone to have a minimum 150 feet of frontage.
The Commission is authorized to consider applicable town zoning regulations in reviewing a subdivision application.Krawski v. Planning Zoning Commission, 21 Conn. App. 667, 670,575 A.2d 1052 (1990). The requirements that a subdivision plan comply with zoning regulations "is mirrored in an even more stringently drawn requirement in General Statutes § 8-26."Federico v. Planning Zoning Commission, 5 Conn. App. 509, 514,500 A.2d 576 (1985). Section 8-26, concerning the approval of subdivision applications, provides that ". . . nothing in this section shall be deemed to authorize the commission to approve any such subdivision or resubdivision which conflicts with applicable zoning regulations."
Whether the State relocates Route 6 in the future should not CT Page 14539 have been considered in the proposed application. The plaintiffs provide no evidence that such relocation will take place in the near future, if at all. The fact is that the plaintiffs' subdivision application, as submitted, does not meet the frontage requirements necessary for approval. "Once a zoning violation has been found on the face of a submitted plan, a commission may not approve the plan." Reed v. Planning Zoning Commission,16 Conn. App. 303, 309, 547 A.2d 569; see Forest Construction Co. v.Planning Zoning Commission, supra, 155 Conn. 669 (disapproving subdivision plan for failing to conform to regulations).
The Court finds, therefore, that the Commission did not act unreasonably, illegally, arbitrarily, or in abuse of its discretion by denying the plaintiffs' subdivision application due to the absence of the requisite frontage.
 II
Did the Planning and Zoning Commission err in deciding that acondition that Woodbridge Road be relocated could not be imposedon the plaintiffs?
The plaintiffs posit that the State will relocate Woodbridge Road and when it does the parcels will then have the required frontage, and they argue that the Commission erroneously decided that it could not conditionally approve the application — the condition being that the State build the relocated road within five years otherwise the conditional approval would be void.
The Commission cannot make a subdivision subject to a condition not authorized by statute or where the condition is not within the control of either the Commission or the applicant.Carpenter v. Planning Zoning Commission, 176 Conn. 581, 592,409 A.2d 1029 (1979); Stiles v. Town Council, 159 Conn. 212, 221,268 A.2d 395 (1970).
The relocation of Woodbridge Road is not within the control of either the Commission or the applicant. Consequently, the Commission correctly declined to grant a conditional approval of the plaintiffs' application.
The plaintiffs, however, attempt to distinguish the above cases by asserting that in the present case, the applicants have requested the condition, as opposed to the Commission imposing the condition on the applicant. This distinction fails to change CT Page 14540 the proposition set forth in Carpenter.
Further, even if the commission could grant the subdivision subject to a condition not conferred by statute or not within the control of the Commission or the applicant, the failure to do so does not constitute an unreasonable, arbitrary, illegal, or abusive decision.
"Nothing in . . . [General Statutes] § 8-26
allows for the imposition of conditions upon the planning commission's approval of a subdivision plan; the statute merely provides for the commission to `approve, modify, and approve, or disapprove' a subdivision application." Robert A. Fuller,Connecticut Practice Series. Land Use Law and Practice, § 22.19; Carpenter v. Planning Zoning Commission, supra,176 Conn. 592: Moscowitz v. Planning Zoning Commission,16 Conn. App. 303, 308, 547 A.2d 569 (1988).
The Court can only reverse the Commission's decision if the Commission acted unreasonably, illegally, arbitrarily, or in abuse of its discretion. Smith v. Zoning Board of Appeals,227 Conn. 71, 80, 629 A.2d 1089 (1993). In the present case, the Commission considered evidence that the design of the relocated Woodbridge Road was several years old and would not conform to Coventry's construction requirements. (ROR, Items 3, 11, 18). The Court finds, therefore, that the record reasonably supports the conclusions reached by the agency, and, consequently, the Commission did not act unreasonably, illegally, arbitrarily, or in abuse of its decision by denying the plaintiffs' application.
 III
Did the Planning and Zoning Commission err in acceptinginformation from the Town Planner after the hearing closed?[2]
The plaintiffs contend that this information should invalidate the Commission's decision because the information was untrue, prejudicial, and poisoned the Commission.
Although the Town Planner's remarks appear to be inaccurate, the plaintiffs have not demonstrated that such remarks prejudiced the Commission or induced the Commission to deny the subdivision application.
Indeed, a further reading of the April 24 transcript reveals CT Page 14541 that the Town Planner's remarks did not influence the Commission members' reasoning. After the Town Planner's remarks, the Commission members discuss that the plaintiffs have no road frontage "unless someone else builds the road that may or may not be done." (ROR, Item 22 p. 9). Furthermore, the Commission members discuss the possibility of conditioning their approval on the construction of the relocated road. (ROR, Item 22 p. 9-13). These discussions would not have occurred if the Town Planner's remarks had induced the commission members into thinking that the road would never be relocated.
Further, even if the Town Planner's statements were improper, at most, the statements constituted a harmless error because the actions of the Commission are adequately supported by reasons not based on the Town Planner's statements. First Hartford RealtyCorp. v. Planning Zoning Commission, 165 Conn. 533, 545,338 A.2d 490 (1973).
Furthermore, "[n]ot all procedural irregularities require a reviewing court to set aside an administrative decision; material prejudice to the complaining party must be shown." (Citations omitted.) Murach v. Planning Zoning Commission, 196 Conn. 192,205, 491 A.2d 1058 (1985). Although the Town Planner's statements may have been inappropriate and even untrue, the plaintiffs have not made a substantial showing of prejudice that would require the court to invalidate the Commission's decisions as unreasonable, illegal, arbitrary, or in abuse of its discretion.
 IV
Did the Planning and Zoning Commission err in allowing Darby Pollanskyto participate and vote when she was not a resident of Coventry?
The plaintiffs contend that because the Commission was not legally constituted with resident electors at the time this matter was heard, the Court should reverse the decision. The plaintiffs rely on Hackett v. City of New Haven, 103 Conn. 157,130 A. 121 (1925) to conclude that Darby Pollansky is not a resident of the Town of Coventry.
Although Pollansky was not a resident of the Town of Coventry pursuant to Hackett, the remedy proscribed in Hackett does not mandate that this Court reverse the Commission's ruling. The plaintiff in Hackett brought an injunction action to restrain the defendant from acting as a member of the board of finance. CT Page 14542Hackett v. City of New Haven, 103 Conn. 157, 158, 130 A. 121
(1925). The Court ultimately granted the injunction, concluding that Mr. Hackett was not a resident of New Haven, and, therefore, was an improper member of the board. Id., 171-172. The Hackett
Court only enjoined the defendant from participating in future board meetings. The Court did not, however, reverse past decisions that the board made with Hackett as a member.
This Court does find that Pollansky was not a resident elector of the town of Coventry at the time she served as a Commission member hearing this application. From January 1992 until the end of the summer of 1994 she lived with her husband and children in Storrs, at the home of her husband's parents. While she maintained ties to Coventry, including staying on the voting rolls, having her mail sent to her father's home in Coventry, and intended to eventually move to Coventry when she and her husband had sufficient money saved to buy a house there (which in fact was done in 1994 subsequent however to the hearing in this case), the family ate and slept in Storrs for longer than two years. While she may have intended to return to Coventry and kept Coventry as her legal domicile, her residence was the town in which she and her family lived, and that was Storrs.
However, although the Court concludes that Pollansky was an improper member of the Commission, Hackett does not require the Court to overrule the Commission's decision. The plaintiffs would have had to bring a separate action to remove Pollansky from the Commission prior to the Commission's decision, rather than challenge the decision on the grounds of Pollansky's impropriety after Pollansky had participated in the decision.
In Lurie v. Planning Zoning Commission, 160 Conn. 295,278 A.2d 799 (1971), the plaintiffs appealed a decision of the Planning Zoning Commission of the Town of Westport, arguing that the appearances of two of the Commission members were contrary to the provisions of General Statutes §§ 8-11 and8-21.[3] Lurie v. Planning Zoning Commission, 160 Conn. 295,310, 278 A.2d 799 (1971). The plaintiffs claimed that as a result of those appearances, the Court should have invalidated the actions of the commission. Id.
The Court, however, never reached the merits of the plaintiffs' claim, concluding that "it [was], however, unnecessary to decide that point in this case since the plaintiffs raised no objection at the hearing to [the commission CT Page 14543 members'] appearance. Lurie v. Planning Zoning Commission,
supra, 160 Conn. 311. The Court further opined: "[a]s we have said before, modern procedural concepts regard with disfavor the failure, whether because of a mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late of them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, the assignment of such errors as grounds of appeal." (Citations omitted.) (Internal quotations omitted.) Id.; see also Fletcher v. Planning ZoningCommission, 158 Conn. 497, 507, 264 A.2d 566 (1969) (rejecting plaintiffs' argument to invalidate commission's decision because of improper members where counsel, in full possession of facts, declined to challenge members of the board directly or request a new hearing); Dragan v. Connecticut Medical Examining Board,223 Conn. 618, 632, 613 A.2d 739 (1992) (holding "party to an administrative proceeding cannot be allowed to participate fully at hearings, and then, on appeal, raise claims that were not asserted before the board").
Pollansky testified that her place of residence was an issue when her appointment to the Commission was being considered and there was public awareness that there was a question as to her residence, but the town council was satisfied that she was a resident elector and made the appointment.
"Except as otherwise provided by statute, quo warranto is the exclusive method of trying the title to an office." Scully v.Town of Westport, 145 Conn. 648, 652, 145 A.2d 742 (1958);Hinckley v. Breen, 55 Conn. 119, 121, 9 A. 31 (1887). The plaintiffs' challenge of Darby Pollansky as an invalid member of the Commission in an administrative appeal does not constitute a quo warranto action. Thus, it appears that the Court can not determine the issue of Pollansky's status as a Commission member through an administrative appeal.
Lastly, even if the Court could declare that Darby Pollansky improperly participated in the Commission hearing, the plaintiffs have not demonstrated how Pollansky's presence in any way affected the Commission's final decision. The plaintiffs have failed to meet their burden of showing any prejudice resulting from Pollansky's participation in the Commission proceedings. SeeMurach v. Planning Zoning Commission, 196 Conn. 192, 206,491 A.2d 1058 (1985) (holding plaintiffs failed to demonstrate conduct of commission member, despite invalid appointment, affected commission's ultimate decision). CT Page 14544
Accordingly, the Court finds that the Commission did not act unreasonably, illegally, arbitrarily, or in abuse of its discretion by denying the plaintiffs' subdivision application despite Pollansky's participation in the proceedings.
For the foregoing reasons, the appeal is dismissed.
Klaczak, J.